IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>**Plaintiff,**<br><br>v.<br><br>FRANCISCO XAVIER ORTIZ-COLON<br><br>**Defendant.** | CRIMINAL NO. 20-262 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is defendant Francisco Xavier Ortiz-Colón's ("Defendant" or "Ortiz-Colón") *Renewed Motion for Judgment of Acquittal and Motion for New Trial* (the "*Motion*"). (Docket No. 180). Defendant contends that the United States of America (the "Government") failed to present sufficient evidence at trial to prove its case beyond a reasonable doubt. As explained below, the Court finds that the Government's evidence was sufficient to uphold the conviction. Therefore, Defendant's *Motion* is **DENIED**.

**I.   BACKGROUND**[1]

On April 14, 2021, Ortiz-Colón was charged in a superseding indictment with nine (9) counts of Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and (e); eight (8) counts of Coercion and Enticement of a Minor in violation of 18 U.S.C.

---
[1] The Court assumes familiarity with the basic facts of this case.

§ 2422(b)(2); one (1) count of Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2); and one (1) count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (Docket No. 57). Following a jury trial, Defendant was found guilty on all counts by unanimous jury verdict. (Docket No. 169).

After the Government rested its case, but before the jury began deliberating, Defendant moved for judgment of acquittal pursuant to Fed. R. Crim. P. 29 ("Rule 29"). Defendant took issue with the Government's reliance on circumstantial evidence to prove its case and argued that the Government's failure to produce any witnesses or evidence that directly identified Ortiz-Colón as the perpetrator of the alleged crimes was fatal to its case. Ortiz-Colón pointed specifically to the lack of evidence tying him to any of the phones seized at the residence, as they were all unregistered and used phones that conceivably could have contained child pornography without Defendant's knowledge. Additionally, Defendant contended that, because the Axila[2] accounts were public, anyone could have downloaded the public images on the pages without knowing they were downloading unlawful child pornography. The Government opposed the oral Rule 29 motion, and the Court

---

[2] Axila_promociones, and the other similarly named accounts at issue in this case, are referred to in this Opinion and Order simply as the Axila accounts. "Axila" is Spanish for "armpit."

subsequently denied the same.

Following the jury verdict, Defendant filed the pending *Motion*, which largely mirrors the oral Rule 29 motion. (Docket No. 180). Again, Defendant contends that the Government failed to present a witness that "was able to directly identify [Defendant] as the perpetrator of th[e] crimes." Id. at 5. Ortiz-Colón also points to the lack of direct evidence showing he owned or utilized any of the phones that were seized, or that he knew they contained unlawful child pornography. Id. at 6-7.

The Government filed an opposition to Defendant's *Motion*, in which it argues that it presented sufficient direct and circumstantial evidence to conclusively tie Ortiz-Colón to the phones in question and the various Axila accounts. (Docket No. 183). The Government highlights business records from Instagram, Liberty, and Google, Defendant's own admissions regarding ownership of one of the phones, and Defendant's email account password, which all point to Defendant's operation of the Axila accounts. Id. at 7-8. Ultimately, the Government asserts that all of the evidence, "taken as a whole, prove[s] both directly and circumstantially that Defendant" committed the crimes for which he was found guilty. Id. at 9.

## II.  STANDARD OF REVIEW

Rule 29 dictates that a court must, "on the defendant's motion," set aside a jury's guilty verdict and "enter a judgment

of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). When ruling on a Rule 29 motion, this Court must consider all the evidence – both direct and circumstantial – in the light most favorable to the prosecution and resolve evidentiary conflicts and credibility disputes in favor of the jury's verdict. United States v. Florentino-Rosario, 459 F. Supp. 3d 345, 349 (D.P.R. 2020), aff'd, 19 F.4th 530 (1st Cir. 2021). Therefore, a "verdict must stand unless the evidence is so scant that a rational factfinder could not conclude that the government proved all the essential elements of the charged crime beyond a reasonable doubt." United States v. Stewart-Carrasquillo, 997 F.3d 408, 418 (1st Cir. 2021) (internal quotation marks and citation omitted). For this reason, challenges to the sufficiency of the evidence have been described as "a tough sell," "an uphill battle," and a "daunting hurdle." Florentino-Rosario, 459 F. Supp. 3d at 354 (collecting cases).

Fed. R. Crim. P. 33 ("Rule 33") allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The First Circuit has warned that district courts "must exercise [their] discretion sparingly" when ruling on motions pursuant to Rule 33. United States v. Veloz, 948 F.3d 418, 437 (1st Cir. 2020). Therefore, "the ultimate test for granting a new trial pursuant to the Rule is whether letting a guilty verdict stand would be a **manifest injustice**." Id.

(emphasis in original) (internal quotation marks and citation omitted).

### III.   ANALYSIS

After reviewing the totality of the evidence in the light most favorable to the prosecution, the Court finds that the Government presented sufficient evidence at trial to sustain the conviction. Additionally, letting the guilty verdict stand would not be a manifest injustice.

#### A. The Government Presented Sufficient Evidence to Connect Defendant with the Seized Cellphones

Ortiz-Colón primarily contends the Government's evidence at trial was insufficient because the Government could not directly tie him to the used and unregistered phones that were seized at the residence and contained child pornography. (Docket No. 180 at 5-7). Therefore, according to Defendant, the Government's case was based on purely "circumstantial evidence which failed to meet the beyond a reasonable doubt burden of proof which is required during trial." Id. at 5.

As an initial matter, it is well established that "**circumstantial evidence and the inferences drawn from it may be sufficient to sustain a conviction**." United States v. Maymi-Maysonet, 812 F.3d 233, 236 (1st Cir. 2016) (emphasis added). Therefore, the Government did not need to produce direct evidence tying Defendant to the seized phones so long as "the evidence

viewed in the light most favorable to the verdict [did not] give[] equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged." Id. In the case at bar, the Government presented ample circumstantial evidence that connected Ortiz-Colón with the seized phones.

Defendant contends that the Government merely searched his residence, seized several old and unregistered phones, and then "singled [him] out [] as the most likely person to have committed those crimes, because of his gender and age." (Docket No. 180 at 5). However, as the Government's trial evidence showed, each stage of the investigation was more targeted and deliberate than Defendant makes it out to be. Special Agent Elizabeth De Jesus explained that the evidence led her to Ortiz-Colón's residence after tracking an IP address frequently used to conduct activity on the Axila accounts. She did not obtain a search warrant for the residence until she received a summons from Liberty which confirmed that someone at that residence was uploading images to the Axila accounts.

Other witnesses testified that Ortiz-Colón was at the residence when officers conducted the search. Officer Alexander Tirado-Diaz told the jury that he took possession of a Samsung cellphone directly from Ortiz-Colón's pocket during the search and that Defendant admitted the cell phone was his. Despite Defendant's contention to the contrary, much of the Government's trial evidence

connected him with that Samsung phone and linked said phone to the Axila accounts. Agent Darien Segarra testified that the user of the Samsung accessed not only the Axila accounts, but also Ortiz-Colón's email and his Facebook. Additionally, the evidence showed that the Instagram application on the phone had evidence of multiple users, including the Axila accounts and _xavier_98, an account with a similar name to Ortiz-Colón's other internet profiles. This evidence was sufficient to establish that Defendant owned the Samsung phone, used it to operate the Axila accounts, and knew of the child pornography found on it.

In addition to the Samsung, the Government presented evidence linking Ortiz-Colón and the Axila accounts to an LG phone that contained child pornography. Such evidence included testimony that the LG's phone number was directly associated with the first Axila account that was opened. Additionally, there was witness testimony and documentary evidence to show that the LG's phone number was listed as the recovery SMS number for the email address that was used to create and operate one of the Axila accounts. The jury saw multiple documents linking that email address to Defendant, and even heard that one of the Axila accounts had the same password as that email address. Such evidence was sufficient for the jury to rationally find that Defendant knowingly used the LG phone to produce, coerce, receive, and possess child pornography.

Overall, the Government presented sufficient circumstantial

evidence to tie Defendant to the phones at issue even though they were used and unregistered. This evidence, when viewed in its totality and in the light most favorable to the prosecution, is sufficient to uphold Defendant's conviction.

**B. The Evidence Established That the Images Defendant Sent to Mr. Hernandez-Diaz Were Not Publicly Posted**

Ortiz-Colón also takes issue with the testimony of José Hernandez-Diaz, his former coworker. Mr. Hernandez-Diaz testified that, while working a shift as a security guard with Defendant on June 8, 2020, Ortiz-Colón sent him pornographic photos of minors from his personal cellphone. The evidence produced at trial shows that these photos were screenshots from Instagram and included photos of several of the victims identified in this case. The Government offered this at trial as further evidence showing Defendant knowingly possessed child pornography on his phones and linking him to the production of such pornography.

Defendant now challenges the persuasiveness of that testimony. He asserts that, because the Axila Instagram accounts had many followers and posted many publicly available pictures, any user of that phone could have gone "to the legitimate and well known website Instagram, downloaded what appeared to be legal and legitimate content, and sent it to that witness." (Docket No. 180 at 7). The user would then "likely assume that any content found within [the Axila] pages would be legal, since it's not a new,

unknown, deep web website." Id. Therefore, Ortiz-Colón is contending that his WhatsApp messages to Mr. Hernandez-Diaz do not show that he knowingly possessed unlawful child pornography.

However, Defendant's theory is directly contradicted by the evidence presented at trial. As the Government correctly notes in its opposition, "[t]he evidence established that these images were sent by the minors via the Instagram chats while communicating with the axila account and had not been posted publicly[.]" (Docket 183 at 9). Mr. Hernandez-Diaz's testimony squarely supports the verdict and does not provide a reason to grant judgment of acquittal or a new trial in this case.

## IV. CONCLUSION

For the foregoing reasons, Defendant's *Renewed Motion for Judgment of Acquittal and Motion for New Trial* at Docket No. 180 is **DENIED**. The Government presented the jury with sufficient evidence to tie the unregistered cell phones to Defendant, and Mr. Hernandez-Diaz's testimony and the supporting documentary evidence do not support Defendant's contention that the photos he sent to Mr. Hernandez-Diaz were obtained from lawful or public sources.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of February 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge