## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**FRANCISCO X. ORTIZ-COLON,**<br>DEFENDANT. | Case No. 20-262(RAM) |

## SENTENCING MEMORANDUM

TO THE HONORABLE RAUL ARIAS MARXUACH
UNITED STATES CHIEF JUDGE
FOR THE DISTRICT OF PUERTO RICO

    COMES NOW defendant, *Francisco X. Ortiz-Colon,* through the undersigned counsel who, very respectfully, STATES and PRAYS as follows:

    Is a LIFE sentence sufficient but NOT greater than necessary in the case of Francisco Ortiz-Colon? The answer is a resounding NO!

    Consider the following about Francisco's condition and circumstances:

    • Francisco has mild autism spectrum disorder.

    • His global IQ falls within the borderline range.

    • He exhibits low average to borderline functioning in verbal comprehension and nonverbal performance.

    • He experiences significant impairment in making inferences, processing information, and decision-making speed.

    • Francisco also battles epilepsy, borderline intellectual functioning, mild cognitive impairment, depressive disorder, and specific learning disorder.

While it is true that Francisco has been convicted of 19 serious counts involving multiple victims, (where NO physical contact was made) imposing a sentence of Life is NOT appropriate in this case.

It is important to consider Francisco's background.

In addition to all of the above mentioned mental conditions, Francisco also endured repetitive bullying (mental and physical) from ages 9 to 14. Despite facing challenges, Francisco obtained a high school diploma from the Advanced Education Specialized Center in Rio Piedras, PR. He made attempts to study various subjects like barbershop, mechanics, nursing, and grooming, but faced difficulties due to learning and social problems.

At age 16, he commenced a relationship with then 26 years old, Daisy Rodriguez. Daisy and Francisco eventually married and procreated a baby girl who has also been diagnosed with level 3 autism spectrum disorder.

During his employment history, Francisco struggled to maintain consistent performance due to his condition. At age 17, he worked at a fast-food chain but was laid off due to difficulty following procedures and slow performance. He also worked in maintenance but was let go because of problems understanding instructions and meeting expectations. At age 19, he worked as an unarmed security guard but faced similar issues, including difficulty remembering details and processing information.

Ultimately, Francisco found employment as an unarmed security guard at an abandoned building, with limited responsibilities.

Considering Francisco's personal history and characteristics, we firmly believe that a sentence of 15 years of imprisonment is sufficient and not greater than necessary. Following this, the Court must impose a term of supervised release, in which we leave to the sound discretion of this Court. It is our belief that Francisco would benefit greatly from the guidance and support provided by the USPO, helping him maintain employment and continue receiving essential mental health treatment.

Therefore, we respectfully urge this Honorable Court to consider the information presented and impose a sentence that is sufficient but NOT greater than necessary, namely 15 years of imprisonment.

**WHEREFORE,** we respectfully submit to this Honorable Court the personal history and characteristics of the defendant and requests a sentence that complies with the purposes set forth in 18 U.S.C.§3553(a)(2), to wit. 15 years of imprisonment.

**I HEREBY CERTIFY** that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 22nd day of May 2023.

**S/Melanie Carrillo Jiménez**
Melanie Carrillo-Jiménez
USDC-PR 225107
PO BOX 194254
San Juan, P.R. 00919-4254
(787) 630-2848/ (787)946-9046
E-mail: melaniecarrilloj@gmail.com